## IN RE HOLT.

### *Fourth Judicial District Court, April,* 1857.

#### ESCAPE FROM SHERIFF——INSANITY.

If a Sheriff unlawfully take a prisoner out of his County, every continuous act of the Sheriff thereafter in the premises is unlawful.

In the absence of evidence of a lawful removal of a prisoner from the proper County, the Court will infer that the removal was unlawful.

The County Judge of a County adjoining the one in which a felony has been committed, has no right to examine into the insanity of a prisoner.

Whatever order a County Judge of an adjoining County makes in the matter of the insanity of a prisoner of another County, is void.

A Sheriff who holds a prisoner under a commitment must detain him until he is lawfully discharged.

*Wade and Tingley,* for the motion.

*H. H. Byrne,* District Attorney, opposing.

This was a motion to discharge J. W. Holt on habeas corpus from the custody of John M. Barron, who held him by virtue of a warrant from Klamath county, which was properly certified by a Justice of the Peace of San Francisco county.

On the hearing, it appeared that Holt had been Sheriff of Klamath county, and while such Sheriff, Barron, a constable, gave Holt in March, 1857, the commitment of one Donelly, charged with murder. That Holt took Donelly into custody, and then departed from the county and had not since returned. It also appeared that there was no proper jail in Klamath county; that Holt took Donelly to Trinity county, and was seen going towards the jail in that county with Donelly; that the County Judge of Trinity county had certified Donelly as insane, and directed him to be conveyed to the Asylum at Stockton; that Holt had brought Donelly as far down as Sacramento, and then Holt came to San Francisco, since which time Donelly has not been seen. Barron came in search of Holt and Donelly, and finding Holt in San Francisco, arrested him.

HAGER, J.—It appears by the testimony that a person named Donelly was charged with the crime of murder in Klamath county. That he was brought before a Justice of the Peace, and, after a hearing, a warrant of commitment was issued by the magistrate, on which he was taken, and with the commitment delivered to the petitioner, Holt, the Sheriff of the county of Klamath. That he took him to the adjoining county of Trinity, and while there the County Judge of Trinity made an order directing Holt, the Sheriff of Klamath, to take him to the Lunatic Asylum at Stockton. That Holt proceeded with Donelly as far as Sacramento, and there voluntarily suffered him to go at large, since which time he has not been heard of. It appears that the jail of Klamath county is at Crescent City, which town, by a law said to be passed by the present Legislature, is within the territory of

the county of Del Norte, a new county created out of a portion of the county of Klamath. There being no jail in the present county of Klamath, and no evidence that the authorities of that county made any order for the confinement of prisoners in the jail of any contiguous county, it is a matter of uncertainty where Donelly should have been put for security. But as it appears that the passage of the law creating Del Norte was unknown in the county of Klamath at the time of the commitment by the Justice, the presumption is, that it was the duty of the Sheriff to take the prisoner to the Crescent City jail. But I regard this as immaterial, and will consider the case as if the Sheriff had performed his duty in taking Donelly to Trinity county. If that were the proper place for his confinement, the Sheriff of Klamath should have delivered him over to the Sheriff of Trinity, and the latter should have kept him in confinement until he was discharged according to law. He would then have remained in Trinity county jail as a prisoner of the county of Klamath to await the action of the Courts or Grand Jury of that county, and not of the county of Trinity. The Sheriff of Trinity would be the custodian or jailer of the prisoner for the time being, and responsible for his safe-keeping, and he would have had no authority to remove him from the jail except to obey a writ of habeas corpus—the proper order of the Courts of Klamath, and some few exceptional cases mentioned in the Act relating to Sheriffs, which have no application here. It does not appear by the evidence that Holt delivered the prisoner over to the Sheriff of Trinity, or that he was in custody in the jail of that county. By the order of the County Judge, it appears an application was made to him for the purpose of having Donelly adjudged to be a lunatic, under the 14th section of the Act to establish an Asylum for the Insane, which was done accordingly. By the order of the County Judge, which has been produced here, it appears he was aware of the fact that Donelly had been committed for the crime of murder, and held to answer for the charge in the tribunals of Klamath county. The Act to regulate proceedings in criminal cases, (Compiled Laws, page 42, sections 583, 584, etc.,) points out the mode of trial and proceeding in case of a person accused of crime and alleged to be insane, and section 15 of the same law, under which the County Judge made his order, authorizes the Courts of this State to commit to the Asylum any person who may be

charged with an offense punishable by imprisonment or death, who shall be found to be insane. The Courts of Klamath, then, were the proper tribunals to try the question of insanity in this case, and the County Judge of Trinity had no jurisdiction in the matter, and his order therefore was void and afforded to Holt no excuse for disobeying the warrant of commitment which he held at the time. The commitment was regular and valid, and should have been obeyed the same as if it had been made by a Judge of the Supreme or of a District Court sitting as a committing magistrate, and if the County Judge of Trinity and the Sheriff of Klamath could disregard this commitment, they might have done so had it been made by a Judge of the highest tribunal in the State. If such a precedent should be established, and the action of the County Judge be declared legal, it would afford a new and very summary mode of disposing of criminals and delivering prisoners from jails.

By the commitment the Sheriff was bound to receive the prisoner into his custody, and detain him until he was legally discharged. He had no authority to take him to the county of Trinity, except to place him in confinement there in case the jail of that county was made, by a proper order, the jail of Klamath. If he voluntarily, or without legal authority, took him there for any other purpose, he rendered himself liable for an escape, and this offense was committed in Klamath county as soon as the intention was formed to remove him from that county, as his subsequent acts relate back to that period, and the offense would be triable in Klamath county. From the facts that the petitioner Holt disobeyed this commitment—took his prisoner to the county seat of Trinity, and instead of placing him there in confinement, went before the County Judge of that county, received from him an order, in conflict with the command of his commitment, to convey him to the Lunatic Asylum, and without awaiting the action of the Courts of Klamath, of which only he was an officer, voluntarily obeying the order of the County Judge of a county in which he was not an officer, and proceeding with his prisoner as far as Sacramento, suffering him there to go at large, and giving his consent to his making a visit to San Francisco alone, are very suspicious and unexplained circumstances, which present a strong *prima facie* case against Holt. He may have acted in good faith; he may have supposed he was obey-

ing valid and legal orders when he removed Donelly from Klamath and Trinity, but whilst I have no disposition to pre-judge his case in this preliminary investigation, I am unwilling to reconcile his conduct with innocence. I must, therefore, after having heard the testimony and proofs, under sections 16 and 22 of the Act concerning the writ of *habeas corpus*, (Compiled Laws, p. 167,) award a warrant to re-commit him to custody, and that he be taken before the nearest or most accessible magistrate of the county of Klamath.